# CIRCUIT COURT OF ROCKINGHAM COUNTY

Racquel Ruffin

v.

Super Fresh Food Markets
of Virginia,
Joyce Shears,
and Angela Brewer

April 17, 2000

Case No. (Law) CL99-11606

BY JUDGE JOHN J. MCGRATH, JR.

This case is before this court on Defendants' motion for Summary Judgment. The facts of this case are quite simple. On March 8, 1998, the Plaintiff, Racquel Ruffin entered the Super Fresh Grocery Store on Carlton Avenue in Harrisonburg wearing baggy sweatpants, a hat, and a large coat. As she wandered around the store, apparently searching for various items, Plaintiff had neither a shopping cart nor a shopping basket, instead she elected to carry the items in her hands and wedged between her arm and the side of her body. As Plaintiff was shopping, Defendant, Angela Brewer, an off-duty Super Fresh cashier claims to have witnessed Plaintiff conceal an item under her shirt. Upon witnessing this, Brewer approached the on-duty store manager, Defendant, Joyce Shears and told her what she had seen. Shears told Brewer to follow Plaintiff and stop her to see if she had, in fact, concealed something under her clothes. Brewer subsequently approached Plaintiff as she stood in line at the checkout and asked her if she could search her. Plaintiff neither gave consent nor refused, so Brewer conducted a "pat down" of Plaintiff's clothing, feeling her "thighs, abdomen and back." Finding nothing, Brewer mumbled "sorry" and walked away from Plaintiff. Plaintiff then put her items down and ran out of the store.

Plaintiff has filed a motion for judgment alleging assault and battery and slander on the part of the three defendants. Plaintiff claims that the act of searching her constituted assault and battery and the statements made during this search and made subsequently to her father constitute slander. Defendant has filed this Motion for Summary Judgment, alleging that they are immune from this suit pursuant to Virginia Code § 18.2-105, which provides immunity to merchants who have detained a suspected shoplifter, provided the merchant has "probable cause to believe that the person had shoplifted or committed willful concealment of goods or merchandise." Va. Code § 18.2-105. Plaintiff claims that the issue of probable cause is one for the jury, Defendant alleges that where reasonable men could not differ on whether or not there is probable cause, the court may grant summary judgment.

Virginia's foremost case on this subject is *F.B.C. Stores, Inc. v. Duncan*, 214 Va. 246 (1973). In this case, the security guard at a store witnessed a man walking around with a cassette tape; he appeared to be looking around to see if anyone was watching him. *Id*. When the man disappeared from the security guard's view and then reappeared, he was no longer carrying the cassette tape. The guard then watched as the man looked at a sleeping bag and then quickly exited the store. The guard stopped the man outside and brought him back inside to question him. *Id*. The customer sued the store for slanderous or insulting words, false imprisonment, and assault and battery. In this case, the Virginia Supreme Court found that the trial court erred in refusing to give the jury an instruction regarding the applicable code section. The Court further found that even though the statute was applicable to the case that did not mean that the store was entitled to the exception; it is not an absolute exception. *Id*. at 251. In fact, the court stated that the Defendant store is only entitled to the protection afforded by the statute if they prove that they had probable cause for the restraint and detention. *Id*. Specifically, the Court stated that in any such trial:

> whether probable cause is proven will depend upon whether the circumstances disclosed by the evidence were such as to justify an ordinarily prudent person in acting as defendants acted here. Unless the evidence leaves *no room* for reasonable men to disagree, that will be a question of fact properly within the province of the jury.

*Id*. (emphasis added).

In the case at hand, summary judgment would only be proper if "the evidence leaves *no room* for reasonable men to disagree. If the evidence leaves such room, then the issue of probable cause is clearly a jury issue ...."

Furthermore, a trial court may not enter summary judgment "if any material fact is genuinely in dispute." *Ward v. Ernst & Young*, 246 Va. 317 (1993) (citing Rule 3:18). Although the facts seem straightforward enough, there is some disagreement as to what Defendant Bowers actually saw Plaintiff do. Originally, it seems that the Plaintiff and her father were told that Bowers had seen Plaintiff place a roll of Rolaids down her shirt, however in subsequent discussions, Bowers stated that she saw Plaintiff place a "rectangular shaped box . . ." that was 8" by 4" by 1½" down her shirt. This is clearly not a roll of Rolaids as earlier described. Although the issue of what, if anything, the Plaintiff actually took is not relevant, the credibility of the various defendants *is* relevant to whether or not a reasonable person would find that the Defendants had probable cause to stop Plaintiff. If the jury chooses to believe Plaintiff and disbelieve Defendant Bowers, then it is possible they might not find probable cause. Because reasonable minds could differ on this issue, Summary Judgment is not proper at this time, and Defendant's motion for such is denied.

The clerk of the court is ordered to send certified copies of this opinion and order to Deborah S. Samley, Esq., Counsel for Plaintiff, and Temple W. Cabell, Counsel for Defendants.